# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-126 |
| | ) | |
| PATRICIA JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

Defendant Patricia Johnson has been charged with violating 18 U.S.C. § 1343 (Wire fraud) and 7 U.S.C. § 2024(b) (Food Stamp fraud). The question of Ms. Johnson's competency to stand trial has been before this Court since 2014. A competency hearing was held on February 12, 2016 and on April 7, 2016, counsel and the Court agreed that additional, alternative treatment options for Ms. Johnson should be discussed with her treating health providers prior to the issue of her competency to stand trial being decided by the Court. On April 15, 2016, Defendant moved for a 60-day continuance in order to obtain additional reports from her mental health providers. On April 28, 2016, we granted the request and ordered a status report be provided to the Court no later than June 17, 2016. On June 20, 2016, defense counsel informed the Court and the Government via e-mail that she was still waiting to hear from Defendant's treating neuropsychologist about a plan of action. We will grant Defendant one final continuance in order to attempt to obtain an action plan.

AND NOW, this 21st day of June, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that a status conference shall be held in this case on July 12, 2106 at 1:00 P.M. in Courtroom 8A, U.S. Courthouse, Pittsburgh, PA.

It is further hereby ORDERED, ADJUDGED, and DECREED that any period of delay resulting from the continuance of this action as a result of the Court's determination that Defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceeding against her and to assist properly in her defense, including allowing additional time for Defendant's treating neuropsychiatrist to present the Court and the parties with an action plan, shall be excluded under 18 U.S.C. §3161 (h)(7)(A) & 18 U.S.C. § 3161(h)(4), as we find that the ends of justice served by determining the Defendant's competency outweigh the best interest of the public and the Defendant in a speedy trial.

Maurice B. Cohill, Jr.
Senior District Court Judge