IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 13-126 |
| | ) | |
| PATRICIA JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Pending before the Court is the issue of Defendant Patricia Johnson's competency to stand trial in the criminal case brought against her. Ms. Johnson has been charged with violating 18 U.S.C. § 1343 (Wire fraud) and 7 U.S.C. § 2024(b) (Food Stamp fraud).

The question of Ms. Johnson's competency to stand trial was brought to the Court's attention by her defense counsel. On October 1, 2014, we conducted a hearing to determine whether a competency evaluation was needed in this case and on October 2, 2014, Defendant filed a Motion For Examination to Determine Competency [ECF 51]. Defense counsel indicated that Ms. Johnson was struggling with cognitive understanding of her case and her lack of understanding might be due to a head injury suffered ten years ago. On October 3, 2014, we found that there was reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceeding against her and to assist properly in her defense. We ordered "1. That a neurological examination of Defendant, Patricia Johnson, be conducted pursuant to 18 U.S.C. §§ 4241(b), 4247(b), and 4247(c), in order to determine whether she is suffering from a mental disease or defect rendering her mentally incompetent to

1

the extent that she is unable to understand the nature and consequences of the proceedings against her or to properly assist in her defense; 2. That the Allegheny Neurological Associates shall conduct the evaluation, pursuant to 18 U.S.C. §§ 4247(b) and (c), to determine whether the Defendant is competent to stand trial. The Allegheny Neurological Associates shall file a report of its findings with the Court and provide copies to Counsel in a reasonable period, not to exceed thirty (30) days; [and] 3. That a competency hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d) following receipt of the psychiatric or psychological report." October 3, 2014 Order [ECF 52].

Thereafter, a competency hearing was set for November 20, 2014. That hearing never occurred; the parties filed numerous motions to continue the hearing, all which the Court granted. Ultimately we held a competency hearing on February 12, 2016. Dr. Carol Schramke, Ph.D., Defendant's treating clinical neuropsychologist since December 2004, testified on behalf of Ms. Johnson. Dr. Christine Martone, M.D., a psychiatrist who is qualified as an expert in determining competency to stand trial, testified on behalf of the Government. A Psychological Evaluation Summary from Dr. Schramke from on or about October 29, 2014, an October 29, 2014 Neuropsychological Evaluation Final Report from Dr. Schramke, and an August 12, 2015 report from Dr. Martone all were introduced into evidence at the hearing. Prior to the hearing, the Court also reviewed an October 13, 2014 report from neurologist Kevin Kelly, M.D., who had evaluated Plaintiff in 2012 and in 2014, that was submitted to the Court by defense counsel.

On April 11, 2016, the Court held an in chambers conference to discuss the status of the case, at which time counsel and the Court agreed that additional, alternative treatment options for Ms. Johnson should be discussed with her treating health providers prior to the issue of her competency to stand trial being decided by the Court. On July 12, 2016, the Court met with the

2

parties and after receiving an update from defense counsel as to Defendant, the Court informed the parties of its intent to issue its ruling on the issue of Defendant's competency forthwith.

As explained by the United States Court of Appeals in United States v. Renfroe, 825 F.2d 763 (3d Cir. 1987):

> Fundamental to our adversary system of justice, and perhaps especially of criminal justice, is the prohibition against subjecting to trial a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. It is clear that the conviction of a legally incompetent defendant and the failure to provide adequate procedures to determine competence would violate a defendant's constitutional right to a fair trial.
>
> In Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the Supreme Court defined the test for competence to stand trial as whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceeding against him.
>
> Congress codified the determination of a defendant's competence to stand trial in the Comprehensive Crime Control Act of 1984, P.L. 98-473, 18 U.S.C. § 4241. That section provides in relevant part:
>
>> (a) Motion to determine competency of defendant. At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

United States v. Renfroe, 825 F.2d at 765-66 (citations and footnote omitted).

3

Subsection (c) of Section 4241 provides that the "hearing shall be conducted pursuant to the provisions of section 4247(d)," which states:

> **(d) Hearing.** At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel . . . . The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 U.S.C § 4247(d). See also Renfroe, 825 F. 3d at 766-767 ("A motion for a competency hearing under 18 U.S.C. § 4241(a) should be granted when there is a reasonable doubt as to the defendant's ability to consult with his lawyer with a reasonable degree of rational understanding, or a reasonable doubt as to his ability to understand the proceedings rationally as well as factually."). As stated, we had previously found that there was reasonable cause to believe that Ms. Johnson may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

"When evaluating a defendant's competency, a district court must consider a number of factors, including 'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial.'" United States v. Jones, 336 F.3d 245, 256 (3d Cir. 2003) (*quoting* Leggett, 162 F.3d at 242 (*quoting* Drope v. Missouri, 420 U.S. 162, 180 (1975)). "Other factors that are relevant to the determination 'may include an attorney's representation about his client's competency.'" Jones, 336 F.3d at 256 (*quoting* United States v. Renfroe, 825 F.2d at 767 (*citing* United States v. Metcalfe, 698 F.2d 877 (7th Cir. 1983)). "'The question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated.'" Jones, 336 F.3d at 256 (*quoting* Drope, 420 U.S. at 180). "All of these factors must inform the statutory requirement that a defendant be able to understand the nature and

4

consequences of the proceedings against him and be able to assist properly in his defense."
Renfroe, 825 F.2d at 767.

Thus the issue currently before this Court is whether the United States has proven by a preponderance of the evidence that Ms. Johnson is mentally competent to stand trial, i.e. that Ms. Johnson is not presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable: (1) to understand the nature and consequences of the proceedings against her and/or (2) to assist properly in her defense. Having reviewed the medical reports submitted by Drs. Kelly, Schramke and Martone as well as the testimony of Drs. Schramke and Martone at the hearing, and having considered the Leggett and Drope factors set forth in Jones, *supra*., and Ms. Johnson's counsel's representations concerning her client's competence to stand trial, the Court finds that the Government has established by a preponderance of the evidence that the Defendant, Patricia Johnson, is mentally competent to stand trial, i.e. Ms. Johnson is not presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

In so finding, we found persuasive the report and testimony of Dr. Martone, an expert in the area of determining a person's competency to stand trial. First, Dr. Martone reviewed Dr. Schramke's October 29, 2014 reports and interviewed Ms. Johnson for several hours, ultimately opining:

> The defendant demonstrated a factual as well as a rationale understanding of the charges. She provided a defense for these charges. She was able to demonstrate an understanding of the role of the various courtroom personnel and her place in the criminal justice system. She demonstrated the capacity to cooperate with an attorney. She is assessed as competent to stand trial.

August 12, 2015 Martone Report, p. 11. Dr. Martone further testified at the February 2016

5

competency hearing, explaining in detail the rationale behind her opinion, that based upon her examination of Ms. Johnson it was her expert opinion that Ms. Johnson "did not lack the capacity to understand the charges against her," "underst[ands] her place in the criminal justice system," can cooperate with her attorney/can assist in her defense, "ha[s] a factual as well as rational understanding of the charges" against her, and that her memory impairments won't interfere with her abilities in court and to consult with her attorney. See February 11, 2016 Hearing Transcript, pp. 44-46. Dr. Martone's report and testimony simply was more on-point as to the legal competency issue before the Court and therefore, more compelling than the evidence submitted by Defendant including defense counsel's consistent position that her client is not mentally competent to stand trial, Dr. Kelly's October 13, 2014 report, Dr. Schramke's October 29, 2014 reports, and Dr. Schramke's testimony at the competency hearing, including her opinion that Ms. Johnson has significant cognitive deficits and would be unreliable in participating in her defense as a result of Defendant's memory, reasoning, attention and judgment being impaired, with the result being that Defendant cannot integrate and hold on to information she has processed, she misunderstands what has been told to her, and she is unable to understand consequences. See, *for example*, February 11, 2016 Hearing Transcript, p. 30 ("My understanding is that in order to be able to participate in her defense, she has to be able to remember and understand consequences and make decisions. I think she is impaired in those domains.").

## **ORDER**

AND NOW, this 29th day of July, 2016, the Court having found, by a preponderance of the evidence, that Ms. Johnson is mentally competent to stand trial, it is hereby ORDERED, ADJUDGED, and DECREED that this matter shall proceed to trial forthwith.

*Maurice B. Cohill*
Maurice B. Cohill, Jr.
Senior District Court Judge